568 P.2d 1126

PIMA COUNTY, a body politic, and Samuel Lena, E. S. "Bud" Walker, Conrad Joyner, Joseph Castillo, Ronald Asta, Appellants,

v.

ADONIS CORPORATION, a Foreign Corporation, Appellee.

No. 2 CA–CIV 2443.

Court of Appeals of Arizona, Division 2.

June 30, 1977.

Stephen D. Neely, Pima County Atty. by Albin R. Krietz, Deputy County Atty., Tucson, for appellants.

Sullivan & Seefeldt, P. C. by John P. Sullivan, Chandler, Tullar, Udall & Redhair, by Robert E. Lundquist, Tucson, for appellee.

OPINION

HATHAWAY, Judge.

Appellee Adonis Corporation is the owner of real property in Pima County upon which it intends to place a mobile home subdivision. On September 6, 1975, appellee filed a petition with the Pima County Board of Supervisors to establish a sanitary district, pursuant to A.R.S. § 36–1301, in order to provide sanitation services to the mobile home development. On November 3, 1975, the Board of Supervisors dismissed the petition without stating any reasons. On November 24, 1975, appellee filed an action in superior court seeking to set aside the deci-

sion of the Board of Supervisors. On August 26, 1975, the court below entered final judgment, setting aside the action of the board and ordering it to establish the Tortolita Sanitary District.

We reverse for the following reasons. The record does not reveal that the board's denial of appellee's petition was an abuse of discretion. There is currently a contract between Adonis Corporation and Pima County for providing sanitary services. The validity of the contract is being contested by the appellee. If the outcome of this dispute is in favor of Pima County, then there will be no necessity for the formation of a sanitary district. Under the terms of the contract, the appellee will be obligated to construct internal sewer lines and "all over-sized and off-site sewer lines (sewer lines outside the subdivision boundary)." In exchange for this, Pima County will provide sewage disposal services and will give credit against connection fees to Adonis Corporation for the cost of constructing these improvements. It was clearly not an abuse of discretion for the Pima County Board of Supervisors to deny the petition for a sanitary district, when, at the time the petition was filed, there was in existence a contract which might render the formation of a sanitary district unnecessary.

Appellee contends that the Board of Supervisors should be required to make express findings as to why the sanitary district petition was denied. We do not agree. The action of the board in determining whether to establish a sanitary district is legislative. *Gillard v. Estrella Dells I Improvement District*, 25 Ariz.App. 141, 541 P.2d 932 (1975).

The action of the Board of Supervisors in *Gillard* related to formation of county improvement districts. We believe, however, that the same conclusion is mandated with respect to sanitary districts because the relevant portions of the statutes are nearly identical. In *Gillard*, Division One of this court held that " . . . the initial determination whether to create county improvement districts is a legislative function which has been delegated to the Board of Supervisors by the legislature . . . The process of seeking to have an improvement district formed is essentially political and has all the attributes of any legislative petitioning." There is no reason why this holding should not also apply to sanitary districts. The Board of Supervisors was thus not required to make findings in the instant case any more than the legislature is required to make written findings to support its acts.

In the case at bench, A.R.S. § 36–1305(B) requires the Board of Supervisors merely to dismiss the petition for a sanitary district if it decides not to establish the district. A.R.S. § 36–1305(B) provides: "If the board of supervisors finds that the territory set out in the petition should not be incorporated into a sanitary district, it shall dismiss the proceedings . . . " The only findings required by the statute are when the board decides to establish a district and then the findings required are conclusory in nature. This is clear from a comparison of A.R.S. § 36–1305(B) (above) with A.R.S. § 36–1305(A). § 36–1305(A) states:

"Upon the hearing, if it appears after consideration of all objections that the petition is signed by the requisite number of owners of real property, that the proposed work is necessary, and that the public health, comfort, convenience, necessity or welfare will be promoted by establishment of the district, the board of supervisors, by formal order, *shall declare its findings*, establish the boundaries and declare the sanitary district organized under a corporate name by which it shall be known in all proceedings. . . . " (Emphasis added)

We reverse the judgment with directions to reinstate the decision of the Pima County Board of Supervisors.

HOWARD, C. J., and SCHROEDER, J., concurring.